



FILED

OCT 2 2 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re                                    )   Case No. 11-44878-E-7
                                         )   Docket Control No. UST-1
VLADIMIR V. SEMCHENKO and                )
SNEZHANNA SEMCHENKO,                     )
                                         )
                    Debtor(s).           )
_____)

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM OPINION AND DECISION

This Contested Matter ("Motion") commenced by the U.S. Trustee requests an order requiring David L. Bryant to: (1) disgorge fees received as a bankruptcy petition preparer, (2) pay fines for his conduct as a bankruptcy petition preparer, and (3) compensate the Debtors, Vladimir V. Semchenko and Snezhanna Semchenko (collectively the "Semchenkos"), for actual and statutory damages in connection with services provided for the Semchenkos in three bankruptcy cases. This Motion focuses on the business owned and operated by David L. Bryant, which provided services to consumers seeking to retain possession of residential real property when faced with a pending or completed foreclosure sale, and eviction from such property. The court finds (1) that David L. Bryant is a

bankruptcy petition preparer as defined in 11 U.S.C. § 110(a), (2) that David L. Bryant has not complied with the requirements of 11 U.S.C. § 110(b) in this case, and (3) based on such non-compliance, the disgorgement of fees, imposition of fines, and awarding of statutory damages is proper. The court further concludes that the U.S. Trustee has not shown that actual damages were incurred by the Semchenkos which should be awarded pursuant to 11 U.S.C. § 110(i)(1)(A).

## JURISDICTION

The rights, obligations, and duties that are the subject of this Motion arise under the Bankruptcy Code itself, 11 U.S.C. § 110. Federal court jurisdiction for this Motion exists pursuant to 28 U.S.C. § 1334(a), (b). The claims being asserted and rights being determined were created by Congress as part of the Bankruptcy Code. This is a core proceeding arising under the Bankruptcy Code. In this core proceeding Motion the bankruptcy judge issues all orders and the final judgment. *See* 28 U.S.C. § 157(b)(1), (2), and the referral of bankruptcy cases and all related matters to the bankruptcy judges in this District, E.D. Cal. Gen. Order 182, 223.

## PROSECUTION OF MOTION AND DISCOVERY IN THIS CONTESTED MATTER

The U.S. Trustee filed on March 29, 2012, this Motion to disgorge fees, impose fines, and for payment of damages to the Semchenkos. David L. Bryant had not filed a responsive pleading to the Motion as of the continued August 16, 2013 fourth scheduled hearing on the Motion. The hearings had been continued multiple times pursuant to a series of stipulations between the U.S. Trustee and David L. Bryant. *See,* Stipulation to Continue Hearing filed

April 6, 2012;[1] Second Stipulation to Continue Hearing filed May 4, 2012;[2] and Third Stipulation to Continue Hearing filed July 13, 2013.[3]    After being presented with the Third Stipulation to Continue Hearing, the court issued an order which continued the hearing as requested, and required David L. Bryant to file a response to the Motion by August 24, 2013.[4]    On September 5, 2013, David L. Bryant belatedly filed his opposition to the Motion.[5]

The court conducted a Status and Scheduling Conference at the September 6, 2013 fifth scheduled hearing on the Motion.    From that Scheduling Conference the court issued a Pre-Evidentiary Conference scheduling order (the equivalent of a "pre-trial order" in an adversary proceeding).[6]    With the participation of the parties at the Scheduling Conference, and taking into account that the Motion had already been pending for five months and discovery was ongoing, the court set the close of discovery (including the hearing of discovery motions) for December 14, 2012, and the Pre-Evidentiary Hearing Conference for January 9, 2013.[7]

Substantial discovery occurred for this Motion.    On April 11, 2012 (thirteen days after the Motion was filed) David L. Bryant filed a motion to conduct 2004 examinations and for the production

---

[1] Dckt. 73.

[2] Dckt. 89.

[3] Dckt. 133.

[4] August 10, 2013 Order, Dckt. 154.

[5] Dckt. 181.

[6] Order, Dckt. 186.

[7] Id.

3

of documents for Vladimir V. Semchenko (Debtor), Tatyana Chernyetsky (David L. Bryant former employee), Alena Tsiberman (David L. Bryant former employee), Julia Young (David L. Bryant former employee attorney), Stacie Power (David L. Bryant former employee attorney), and Kyle D. Smith (David L. Bryant former employee).[8] The motion states that the discovery is necessary in connection with the U.S. Trustee's motion in this Motion. On May 2, 2012, David L. Bryant filed a Notice of Withdrawal of the motion for 2004 examinations.[9]

On May 13, 2012, Stacie Power filed a motion to quash a subpoena for her deposition.[10] The court denied the motion to quash, but limited the scope of the documents to be produced to those relating to the Motion and for the time-period on or after March 1, 2011.[11]

On June 25, 2012, David L. Bryant filed a motion to compel the deposition of Julia Young.[12] On June 29, 2012, David L. Bryant filed an amended motion to compel the deposition of Julia Young.[13] The U.S. Trustee filed an opposition to the motion to compel the deposition of Julia Young.[14] The court granted David L. Bryant's motion and ordered Julia Young to appear for her deposition on

---

[8] Dckt. 77.

[9] Dckt. 85.

[10] Dckt. 93.

[11] Order, Dckt. 108.

[12] Dckt. 110.

[13] Dckt. 119.

[14] Dckt. 138.

4

August 27, 2012.[15]   The court vacated the order compelling the attendance of Julia Young due to David L. Bryant subsequently advising the court that he was unable to take the August 27, 2012 deposition and requested the court order, without further notice, hearing, or agreement, that the deposition be continued to another date.[16]

On July 10, 2012, David L. Bryant filed a motion to compel the "deposition duces tecum" of Kyle Smith.[17]   The U.S. Trustee filed an opposition to the motion to compel the deposition of Kyle Smith.[18]   The court granted David L. Bryant's motion and ordered Kyle Smith to appear for his deposition on August 28, 2012.[19]   The court vacated the order compelling the attendance of Kyle Smith due to David L. Bryant subsequently advising the court that he was unable to take the August 28, 2012 deposition and requested the court order, without further notice, hearing, or agreement, that the deposition be continued to another date.[20]

On August 17, 2012, David L. Bryant filed an *ex parte* motion to stay all proceedings in this Motion.[21]   The court denied without prejudice the *ex parte* motion to stay these proceedings.[22]

---

[15] Order, Dckt. 152.

[16] Order Vacating, Dckt. 168.

[17] Dckt. 127.

[18] Dckt. 138.

[19] Order, Dckt. 153.

[20] Order Vacating, Dckt. 170.

[21] Dckt. 163.

[22] Order, Dckt. 172.

On October 9, 2012, the U.S. Trustee filed a pleading entitled "United States Trustee Response to David L. Bryant's Request for Production of Documents, Electronically Stored Information, and Tangible Things, For Inspection and Other Purposes From United States Trustee."[23]  On October 15, 2012, the U.S. Trustee filed a motion for protective order with respect to the ongoing discovery being conducted by David L. Bryant.[24]  David L. Bryant notified the court by letter[25] that service on him of the motion for protective order had been delayed, and thereon the court continued the hearing to November 13, 2012.[26]  The Civil Minutes for the November 13, 2012 hearing on the U.S. Trustee's motion for protective order surveys the discovery previously conducted for this Motion.[27]  As stated in the Civil Minutes, extensive discovery was undertaken by David L. Bryant for this Motion, beginning in April 2012.[28]  The court granted limited relief pursuant to the motion, and ordered the U.S. Trustee to respond to specific discovery relating to this Motion.[29]

---

[23] Dckt. 193.

[24] Dckt. 195.

[25] Dckt. 205

[26] Order, Dckt. 208.

[27] Civil Minutes, Dckt. 225.

[28]  A portion of the Civil Minutes from the November 11, 2012 hearing showing the extent of Mr. Bryant's discovery in this Motion is attached to the Memorandum Opinion and Decision in Appendix A due to the size of this excerpt.  This is in addition to the 2004 examinations noticed In April 2012 by David L. Bryant.  The additional discovery, which was the subject of the motion for protective order was: (1) 272 interrogatories on the U.S. Trustee with a due date of October 22, 2012; (2) 50 interrogatories on non-party Debtor Snezhanna Semchenko; (3) interrogatories on U.S. Trustee; and (4) 269 interrogatories on non-party Debtor Vladimir Semchenko.

[29] Order, Dckt. 230.

On November 14, 2012, David L. Bryant filed a motion to strike alleged fact #28 in the U.S. Trustee's Motion.[30]  The court denied the motion to strike without prejudice.[31]

### PRESENTATION OF EVIDENCE AT EVIDENTIARY HEARING

The court delayed setting the evidentiary hearing, notwithstanding the close of discovery on December 14, 2012, due to medical treatments which David L. Bryant began receiving in December 2012.  This court ultimately issued the Evidentiary Hearing Order on July 2, 2013, which set the Evidentiary Hearing for September 23, 2013.[32]  Pursuant to the Hearing Order, non-hostile witness testimony for each party was to be presented by alternative direct testimony pursuant to Local Bankruptcy Rule 9017-1.[33]

---

[30] Dckt. 221.

[31] Civil Minutes and Order, Dckts. 231, 233.

[32] Order, Dckt. 259.

[33] The Alternative Direct Testimony procedure for evidentiary hearings and trials has been utilized by this court for more than 20 years.  The Rule provides that,

> For each witness (excluding hostile or adverse witnesses) that an attorney calls on behalf of his/her client's case, there shall be prepared in triplicate a succinct written declaration, executed under penalty of perjury, of the direct testimony which that witness would be prepared to give as though questions were propounded in the usual fashion. Each statement of fact or opinion shall be separate, sequentially numbered and shall contain only matters that are admissible under the Federal Rules of Evidence (e.g., avoiding redundancies, hearsay, and other obvious objectionable statements).

Local Bankruptcy Rule 901701(a)(3).

This Rule serves several functions.  First, it allows the parties to clearly lay out all of the basic foundation testimony establishing a witness' personal knowledge, qualifications as an expert, and authenticating exhibits.  This allows the court to focus trial and

evidentiary hearing time on the substantive testimony, freeing the parties from the "mind-numbing" (this court's characterization) authentication of exhibits process when parties cannot so stipulate in advance.

Second, the Rule allows each non-hostile witness to calmly and carefully consider their testimony and accurately state it for the court. Except for experienced expert witnesses, providing testimony in open court is an unusual and off-putting experience for most people. By allowing for the careful consideration of the testimony being placed in writing before it is being filed with the court, the witness can carefully measure his or her words for their truthfulness and accuracy.

Third, the court requires that the Alternative Direct Testimony Statements be presented in the same chronological sequence as testimony is presented in court. The plaintiff/movant lodges with the court and provides copies of the Alternative Direct Testimony Statements to the defendant/respondent a month prior to the trial or evidentiary hearing. The defendant/respondent then has two weeks to file his or her Alternative Direct Testimony Statements and exhibits. Just as with testimony and evidence submitted at trial, the defendant/respondent does not have to guess at the facts and issues to be addressed, but may do so only as necessary.

At the evidentiary hearing or trial, the witness is called and first he or she identifies any corrections which need to be made to the Alternative Direct Testimony Statement. Then that witness is questioned by the counsel calling the witnesses to provide live testimony focusing on the substantive matters set forth in the Alternative Direct Testimony Statement. This allows the court to assess the credibility of the witness and affords the witness some "testimony time" before being turned over for cross-examination. The opposing party then proceeds with cross-examination, with re-direct and re-cross as appropriate.

This procedure has several additional benefits beyond providing for the more efficient use of limited federal court resources. First, for the *pro se* party, he or she better understands the testimony and case being presented, rather than having it dramatically "sprung" on them at the trial. The *pro se* party can then better organize the testimony not only for his or her case in chief, but understand what testimony will need to be rebutted. Second, it requires the attorneys to critically assess what evidence actually exits in support of the case, rather than going to trial on a wing and a prayer, believing that in the smoke and confusion of the courtroom battlefield the appearance of evidence can be manufactured.

The U.S. Trustee's Direct Testimony Statement and exhibits were required to be lodged with the court and served by August 2, 2013. The U.S. Trustee submitted the following Direct Testimony Statements and Exhibits in support of its case in chief:

A.    DIRECT TESTIMONY STATEMENTS

    1.    Direct Testimony Statement of Vladimir V. Semchenko (Chapter 7 Debtor)

    2.    Direct Testimony Statement of Amy E. Williams

    3.    Direct Testimony Statement of Tatyana Chernyetsky

    4.    Direct Testimony of Julia M. Young

    5.    Direct Testimony of Douglas Whatley

B.    EXHIBITS (Identified by Exhibit Number)

    9.    $1,000.00 Check from Import Auto Performance to David L. Bryant dated September 30, 3011.

    10.    Receipt dated December 22, 2011, stating, "I, David Bryant, received $1,000.00 from Vladimir Semchenko's son." The signature block for the receipt has the typed name "David Bryant" and bears a signature similar to that of David L. Bryant which appears on pleadings David L. Bryant has filed in this Motion.

    11.    Docket, Chapter 13 Bankruptcy Case (first bankruptcy case) for Snezhanna Semchenko, E.D. Cal. 11-41623.

    12.    Copy of Bankruptcy Petition, Snezhanna Semchenko bankruptcy, 11-41623.

    13.    Verification of Master Mailing List, Snezhanna Semchenko bankruptcy, 11-41623.

    14.    Statement of Social Security Number, Snezhanna Semchenko bankruptcy, 11-41623.

    15.    Application to Pay Filing Fees in Installments, Snezhanna Semchenko bankruptcy, 11-41623.

    16.    Docket, Chapter 13 Case for Snezhanna Semchenko, E.D. Cal. 11-43492 (second Chapter 13 bankruptcy case).

    17.    Copy of Bankruptcy Petition, Snezhanna Semchenko

Second Chapter 13 bankruptcy case, 11-43492. (Petition does not disclose the filing for the first Snezhanna Semchenko bankruptcy case).

18. Verification of Master Mailing List, Snezhanna Semchenko second bankruptcy case, 11-43492.

19. Statement of Social Security Number, Snezhanna Semchenko second bankruptcy case, 11-43492.

20. Application to Pay Filing Fees in Installments, Snezhanna Semchenko second bankruptcy case, 11-41623.

21. Docket, Chapter 13 Case for Vladimir V. Semchenko and Snezhanna Semchenko, E.D. Cal. 11-44878 (converted to current Chapter 13 Case).

22. Copy of Bankruptcy Petition, Vladimir V. Semchenko and Snezhanna Semchenko current third bankruptcy case, 11-44878. (Petition does not disclose the filing for the first and second Snezhanna Semchenko bankruptcy cases).

23. Verification of Master Mailing List, Vladimir V. Semchenko and Snezhanna Semchenko current Third Bankruptcy Case, 11-44878.

24. Statement of Social Security Number, Vladimir V. Semchenko and Snezhanna Semchenko current third bankruptcy case, 11-44878.

25. Application to Pay Filing Fees in Installments, Vladimir V. Semchenko and Snezhanna Semchenko current third bankruptcy case, 11-44878.

26. Application to convert Vladimir V. Semchenko and Snezhanna Semchenko current third bankruptcy case, 11-44878, from a Chapter 13 to case to one under Chapter 7.

27. Chapter 7 Statement of Current Income and Means-Test Calculation, Schedules B-J, and Statement of Financial Affairs; Vladimir V. Semchenko and Snezhanna Semchenko current third bankruptcy case, 11-44878.

28. Amended Schedule F and Amended Verification of Master Address List; Vladimir V. Semchenko and Snezhanna Semchenko current third bankruptcy case, 11-44878.

29. Amended Schedules B and C, and Amended Statement of Financial Affairs; Vladimir V. Semchenko and Snezhanna Semchenko current third bankruptcy case,

11-44878.

30.  U.S. Trustee Motion for Fines, Fee Disgorgement, and Damages From David L. Bryant, Vladimir V. Semchenko and Snezhanna Semchenko current third bankruptcy case, 11-44878.

31.  David L. Bryant's Response to U.S. Trustee Motion for Fines, Fee Disgorgement, and Damages From David L. Bryant, Vladimir V. Semchenko and Snezhanna Semchenko current third bankruptcy case, 11-44878.

32.  U.S. Trustee Memorandum of Points and Authorities in Support of Motion for Fines, Fee Disgorgement, and Damages From David L. Bryant, Vladimir V. Semchenko and Snezhanna Semchenko current third bankruptcy case, 11-44878.

33.  Exhibits to U.S. Trustee Motion for Fines, Fee Disgorgement, and Damages From David L. Bryant, Vladimir V. Semchenko and Snezhanna Semchenko current third bankruptcy case, 11-44878.

34.  Exhibits 1-4 in support of David L. Bryant's Notice of Motion to Compel Deposition Duces Tecum of Kyle Smith (filed July 10, 2012), Vladimir V. Semchenko and Snezhanna Semchenko current third bankruptcy case, 11-44878.

35.  Chapter 7 Trustee's Final Account and Distribution Report, Vladimir V. Semchenko and Snezhanna Semchenko current third bankruptcy case, 11-44878.

36.  Docket for *U.S. Trustee v. David L. Bryant* Adversary Proceeding, Bankr. E.D. Cal. No. 12-2573.

37.  Complaint filed by U.S. Trustee in *U.S. Trustee v. David L. Bryant* Adversary Proceeding, Bankr. E.D. Cal. No. 12-2573.

38.  David L. Bryant's Answer to Complaint filed by U.S. Trustee in *U.S. Trustee v. David L. Bryant* Adversary Proceeding, Bankr. E.D. Cal. No. 12-2573.

39.  Declaration of David L. Bryant in support of David L. Bryant's motion for protective order in U.S. Trustee *U.S. Trustee v. David L. Bryant* Adversary Proceeding, Bankr. E.D. Cal. No. 12-2573.

40.  Craig's List Job Listing, which states,

     **Foreclosure Defense Attorney**

     Date:2011-08-03, 1:50PM

Looking for attorney with 0-3 years experience for position in civil litigation. Practice will include civil litigation and bankruptcy. Looking for an eager and quick learner who would welcome the opportunity to take a lead role on cases quickly. Ideal candidate would be an organized take-charge personality with strong research and writing skills. Please submit resume and salary requirement. Competitive salary. Position open immediately. Resumes without salary requirements will not be considered.

- Location Gold River
- Principals only. Recruiters, please don't contact this job poster.
- Please, no phone calls about this job!
- Please do not contact this job poster about other services, products or commercial interests.

Original URL: http://sacramento.craigslist.org/lgl/2528422017.html

41. Receipt dated October 28, 2011, for $3,000.00 from Fernando Celario signed by David L. Bryant, Fernando Celario, and Celia Celario. It states, "Today, I David Bryant, received $3,000.00 from Fernando Celario. The total amount due for services is $9,500.00. Future monthly payments are as follows: [lists $500.00 a month payments for the months November 2011 through December 2012]." Declaration of David L. Bryant in support of David L. Bryant's motion for protective order in U.S. Trustee *U.S. Trustee v. David L. Bryant* Adversary Proceeding, Bankr. E.D. Cal. No. 12-2573.

42. Receipt dated July 20, 2011, from David L. Bryant to Norma Madriaga for $5,000.00. The receipt has the notation, "Received in Sacramento BK Court Building." The signature block for the receipt has the typed name "David Bryant" and bears a signature similar to that of David L. Bryant which appears on pleadings David L. Bryant has filed in this Motion.

43. Receipt dated September 2011, from David L. Bryant to Norma Madriaga for $3,000.00. The signature block for the receipt has the typed name "David Bryant" and bears a signature similar to that of David L. Bryant which appears on pleadings David L. Bryant has filed in this Motion.

44. Receipt dated September 2011, from David L. Bryant to Norma Madriaga for $2,500.00. The signature block for the receipt has the typed name "David

Bryant" and bears a signature similar to that of David L. Bryant which appears on pleadings David L. Bryant has filed in this Motion.

45. Receipt dated October 2011, from David L. Bryant to Norma Madriaga for $2,000.00. The signature block for the receipt has the typed name "David Bryant" and bears a signature similar to that of David L. Bryant which appears on pleadings David L. Bryant has filed in this Motion.

46. Docket from California Superior Court Action, Sacramento County, *David L. Bryant v. Alena Tsiberman*, case no. 34-2013-00135042 ("*Bryant v. Tsiberman* Action"). David L. Bryant's attorney is listed as Paul R. Bartleson and Alena Tsiberman's attorney is listed as Julia M. Young.

47. Motion by David L. Bryant (in *pro se*) to disqualify Julia M. Young as attorney of record, in camera review of declaration of David L. Bryant, and for protective order in the *Bryant v. Tsiberman* Action.

48. Request for Judicial Notice for Motion by David L. Bryant (in *pro se*) to disqualify Julia M. Young as attorney of record, in camera review of declaration of David L. Bryant, and for protective order in the *Bryant Tsiberman* Action.

49. Verified Cross-Complaint filed by David L. Bryant (in *pro se*) against Alena Tsiberman in the *Tsiberman v. Bryant* Action.

David L. Bryant's Direct Testimony Statements and Exhibits were required to be lodged with the court and served by August 16, 2013. David L. Bryant did not lodge with the court or serve any Direct Testimony Statements or Exhibits, and did not present any in support of his case in chief. David L. Bryant did present himself as a rebuttal witness and testified at the Evidentiary Hearing. No other rebuttal witnesses were presented and David L. Bryant did not subpoena any other persons to testify at the Evidentiary Hearing.[34]

_____

[34] At the hearing the U.S. Trustee elected not to call several witnesses for whom Direct Testimony Statements had been filed. That testimony was excluded by the court. Counsel for the U.S. Trustee stated that he elected not to present the additional witnesses due to

13

**BANKRUPTCY CODE STATUTORY REQUIREMENTS AND REMEDIES**

This Motion is based on the obligations and remedies created by Congress under 11 U.S.C. § 110 - Penalty for persons who negligently or fraudulently prepare bankruptcy petitions. Congress has statutorily defined a "bankruptcy petition preparer" in 11 U.S.C. § 110(a) as follows,

> (a) In this section--
>
> (1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing; and
>
> (2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title.

This statutory definition is very broad in scope, excluding only an attorney for a debtor or an employee of, and directly supervised by, that attorney for a debtor.

The bankruptcy petition preparer must sign and print the preparer's name and address on the document which was prepared for a debtor to be filed with a United States bankruptcy court or United States district court.[35]    In addition, the bankruptcy petition preparer shall provide the debtor a written notice that a

---

the time scheduled for trial.  David L. Bryant had not subpoenaed any witnesses, but stated that he had wanted to cross-examine the witnesses which were not called by the U.S. Trustee. In light of all of the subpoenas issued during discovery by David L. Bryant and the very limited nature of the direct testimony statements, any cross-examination would have been very limited.  For any substantive testimony, if the witnesses had substantive testimony relevant to this Motion which David L. Bryant wanted as part of his case in chief, the court concluded that he would have subpoenaed them.

[35] 11 U.S.C. § 110(b)(1).

bankruptcy petition preparer is not an attorney and may not practice law or give legal advice. The written notice must be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer.[36]

The bankruptcy petition preparer is also required to provide an identifying number, after the preparer's signature, which identifies the individual who prepared the document. This identifying number is the Social Security account number of each individual bankruptcy petition preparer, or the officer, principal, responsible person, or partner if the bankruptcy petition preparer is not an individual.[37]

Congress created specific limitations on the services provided by, and the conduct of, a bankruptcy petition preparer.

A.   A bankruptcy petition preparer shall not execute any document on behalf of a debtor.

B.   A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including, without limitation,

1.   whether-

     a.   to file a petition under this title; or
     b.   commencing a case under chapter 7, 11, 12, or 13 is appropriate;

2.   whether the debtor's debts will be discharged in a case under this title;

3.   whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;

4.   concerning-

     a.   the tax consequences of a case brought under this title; or

---

[36] 11 U.S.C. § 110(b)(2).

[37] 11 U.S.C. § 110(c).

b.    the dischargeability of tax claims;

5.    whether the debtor may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;

6.    concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or

7.    concerning bankruptcy procedures and rights.

11 U.S.C. § 110(e). (All of the above collectively referred to as "Prohibited Services" by the court in this Memorandum Opinion and Decision.) The bankruptcy petition preparer is also prohibited from using the word "legal" or any similar term in any advertisements, or advertise under any category that includes the word "legal" or any similar term.[38]

This statute further provides that the Supreme Court by rule or the Judicial Conference of the United States by guidelines, may set the maximum allowable fee chargeable by a bankruptcy petition preparer. A bankruptcy petition preparer is required to notify a debtor of any such maximum amount before preparing any document for filing for that debtor or accepting any fee from, or on behalf of, that debtor.[39] The bankruptcy petition preparer's declaration shall include a certification that the bankruptcy petition preparer provided notification of the maximum fee set by rule or guidelines which may be charged by the bankruptcy petition preparer. In the Eastern District of California the maximum fee charged by a bankruptcy petition preparer is $125.00.[40]

---

[38] 11 U.S.C. § 110(f).

[39] 11 U.S.C. § 110(h)(1).

[40] *Guidelines Pertaining to Bankruptcy Petition Preparers in Eastern District of California Cases*, dated October 20, 1997, ¶ 2.

16

A bankruptcy petition preparer's disclosure of fees is not limited to only those fees which the bankruptcy petition preparer allocates for the preparation of documents to be filed with the court. A bankruptcy petition preparer must also file a declaration under penalty of perjury disclosing any fee received from or on behalf of a debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor.[41]

If a bankruptcy petition preparer charges any fee in excess of the value of any services rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the date of the filing of the petition; or which is in violation of any rule or guideline, the court "shall" (not "may") disallow and order the immediate turnover of such fee, in excess of the amount permitted, to the bankruptcy trustee.[42]  The consequences are more severe for a bankruptcy petition preparer determined by the court to have engaged in any Prohibited Services.   All fees charged by such bankruptcy petition preparer engaging in Prohibited Services "may" (not "shall") be forfeited.[43]

A bankruptcy petition preparer who violates § 110 or commits any act that the court finds to be fraudulent, unfair, or deceptive "shall" (not "may") be ordered by the court to pay to the debtor,

 A. the debtor's actual damages;

 B. the greater of—

---

http://www.caeb.uscourts.gov/documents/forms/Guidelines/GL.Prep.pdf.

[41] 11 U.S.C. § 110(h)(2).

[42] 11 U.S.C. § 110(h)(3)(A).

[43] 11 U.S.C. § 110(h)(3)(B).

  1. $ 2,000; or

  2. twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and

 C. Reasonable attorneys' fees and costs in moving for damages under 11 U.S.C. § 110.

11 U.S.C. § 110(i)(1).  If the trustee or creditor moves for damages on behalf of the debtor under this subsection, the bankruptcy petition preparer "shall" (not "may") be ordered to pay the movant the additional amount of $ 1,000.00, plus reasonable attorneys' fees and costs.[44]

 Congress provides in 11 U.S.C. § 110(l)(1) and (2) additional fines in an amount of not more than $500.00 which "may" (not "shall") be imposed for each Prohibited Service at issue in this Motion.  In addition, the amount of such fines "shall" (not "may") be trebled if the court finds that a bankruptcy petition preparer,

 A. advised the debtor to exclude assets or income that should have been included on applicable schedules;

 B. advised the debtor to use a false Social Security account number;

 C. failed to inform the debtor that the debtor was filing for relief under this title; or

 D. prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer.

11 U.S.C. § 110(l)(1),(2).  Fines imposed under § 110(l) shall be paid to the United States Trustee, who shall deposit an amount equal to such fines in the United States Trustee Fund.

 The Ninth Circuit Court of Appeals addressed issues relating

---

[44] 11 U.S.C. § 110(i)(2).

18

to bankruptcy petition preparers in *Frankfort Digital Servs. v. Kistler (In re Reynoso)*, 477 F.3d 1117 (9th Cir. 2007).  Services provided by bankruptcy petition preparers are strictly limited to typing bankruptcy forms.[45]  Services or goods which do more than merely fill in forms with information provided by the debtor exceed the permitted activities for a bankruptcy petition preparer.  In *Frankfort*, the Court of Appeals affirmed the determination that software provided by a bankruptcy petition preparer which chose the exemptions to be used by the debtor was similar to other goods and services provided by a bankruptcy petition preparer which made decisions for the debtor (rather than merely filing out documents with information from the debtor) that violate 11 U.S.C. § 110.  This includes providing software programs to consumers which "determines" the exemptions that the consumer should elect for his or her bankruptcy schedules.  There is not even a requirement that the bankruptcy petition preparer meet or interact with the consumer for the input of the information or use of the software to generate the documents for filing.[46]

## DETERMINATION THAT DAVID L. BRYANT IS A BANKRUPTCY PETITION PREPARER AND THAT HE HAS FAILED TO COMPLY WITH 11 U.S.C. § 110

The U.S. Trustee asserts that David L. Bryant engages in the business of being a bankruptcy petition preparer, and that he failed to comply with 11 U.S.C. § 110 in this case.  From the evidence presented, the court finds that David L. Bryant is a bankruptcy petition preparer and that he failed to comply with

---

[45] *Id.* at 1125.

[46] *Id.* at 1123-24.

19

1  several of the provisions of 11 U.S.C. § 110 in providing those
2  services to the Semchenkos.

3      In 2011 and continuing thereafter, David L. Bryant has
4  operated a business out of his home on Kibbie Lake Way.  The garage
5  and several of the bedrooms were set up to be "offices."  This
6  business included assisting consumers who were facing foreclosure
7  or eviction from their homes.  No testimony was provided as to any
8  other business activities being conducted at the Kibbie Lake Way
9  residence/office.

10     Some of the persons employed by David L. Bryant were members
11 of the Russian community in the Sacramento area, including Alena
12 Tsiberman and Tatyana Chernyetsky (who are sisters).  Testimony was
13 also presented that David L. Bryant marketed to the local Russian
14 community, using his Russian employees as translators for the
15 services he was providing to consumers who had limited ability to
16 communicate in English.

17     Ms. Chernyetsky's testimony as to how David L. Bryant operated
18 this business was credible.  Consumers, such as the Semchenkos,
19 hired David L. Bryant to help the consumer stave off foreclosure or
20 eviction from their home.  For the Semchenkos, this service
21 consisted of preparing documents to file a series of three
22 bankruptcy cases.  No evidence was presented of any other services
23 being provided by David L. Bryant or his attorney and non-attorney
24 employees to the Semchenkos.

25     David L. Bryant maintained and utilized the EZ-Filing software
26 program for generating bankruptcy petitions, schedules, and other
27 documents to file bankruptcy cases.  David L. Bryant directed and
28 instructed Tatyana Chernyetsky to prepare bankruptcy petitions and

supporting pleadings using his software.    When a bankruptcy petition was generated for one of David L. Bryant's clients using the EZ-Filing software, it would list David L. Bryant as the "attorney" on the petition.    David L. Bryant instructed his employees to "white-out" (cover up) his name on this page of the petition, photocopy the white-out page, and then replace the page listing "David L. Bryant, attorney" printed from the EZ-Filing software with the copy of the white-out page with that information covered up.    Without regard to whether David L. Bryant was, or was not, performing services as an attorney, this demonstrates that David L. Bryant had and used bankruptcy petition and document preparation software as part of this business with his consumer clients.

As part of this business, David L. Bryant attempted to employ attorneys to work for David L. Bryant as part of this business providing services to his consumer clients.    These attorneys included Julia P. Young, Daniel J. Hanecak, Amy E. Williams, Stacie L. Power, and Kyle Smith.    David L. Bryant used a Craig's List on-line advertisement to obtain new law school graduates to work in his business.    From the testimony provided, David L. Bryant would pay his staff and employees in cash.    No copies of employee checks or other documentation of these non-attorneys and attorneys were provided by the U.S. Trustee or David L. Bryant.

Amy Williams is one of the attorneys who was employed by David L. Bryant and appears as representative of the type of attorney David L. Bryant sought to employ for his business. Ms. Williams was licensed as an attorney in California in June 2011.    In August 2011, she responded to David L. Bryant's Craig's

List advertisement.   Though David L. Bryant adamantly denies it, Ms. Williams testifies that David L. Bryant told her that he graduated from Ohio State University School of Law.

Ms. Williams was employed by David L. Bryant for approximately 14 working days.   During that time David L. Bryant paid her a weekly salary in cash.   She worked on items for David L. Bryant's clients as instructed by David L. Bryant.   The court finds credible the testimony of Ms. Williams and Tatyana Chernyetsky, and finds that David L. Bryant instructed both his non-attorney and attorney employees which items to work on and what services, nonlegal and legal (if any), to provide to David L. Bryant's clients.   From the attorneys who are identified as having been employed by David L. Bryant, it is clear that David L. Bryant hired new, inexperienced attorneys who had little if any legal, business, or practical experience in representing clients.   The inference made by David L. Bryant that these various attorneys were in fact making legal decisions for his clients is not credible.   Furthermore, there is no evidence before this court that any attorney provided legal advice to or represented the Semchenkos in, or as part of, their three bankruptcy cases.

A common theme running through David L. Bryant's defense is that his former employees, non-attorneys and attorneys alike, are allied against him and in league with the U.S. Trustee to persecute him.   However, David L. Bryant has failed to produce one current or former employee, one current or former lawyer, or one current or former client to step forward and testify in support of, or corroborate any of the contentions made by, David L. Bryant.   The court does not find credible David L. Bryant's arguments and

testimony, to the extent provided at the Evidentiary Hearing and in the various David L. Bryant pleadings and declarations in connection with this Motion, that the case against him has been fabricated by former employees, clients, and the U.S. Trustee.

The court does not find credible David L. Bryant's arguments, and testimony to the extent provided, that he is not able to assemble documents and witnesses because his former employees have stolen his documents.   To the extent that David L. Bryant has argued that fees he was paid by clients were for legal services provided by lawyers who worked for David L. Bryant (which in and of itself raises significant legal and ethical issues for David L. Bryant and the attorneys), David L. Bryant offers no evidence as to what constituted these "legal services."   To the extent that actions were commenced, the court where such action was filed would have in its files the documents evidencing the legal work for such actions.   Even easier, David L. Bryant's various clients could testify to the legal services they received from any of the attorneys who worked for David L. Bryant.   Again, David L. Bryant offers no evidence or testimony, other than his contention that significant legal services were provided.

As a rebuttal witness, David L. Bryant took the stand and provided testimony that he has difficulty with his eyesight and problems reading.   While he was able to read documents presented in court, he testified that after reading for a while his eyesight "will close up."   David L. Bryant also testified that he hired the attorneys "to supervise his business."   Further, David L. Bryant testified that the way he employed the attorneys may have resulted in illegal fee splitting, "but that is the attorneys' problem," not

David L. Bryant's problem.

The court does not find the asserted eyesight problem to be a credible explanation or excuse for how David L. Bryant organized, managed, and provided services for his bankruptcy petition preparer business. It is without doubt that David L. Bryant has and continues to suffer from various significant medical maladies. However, for this Motion and other non-bankruptcy proceedings David L. Bryant has prepared and filed extensive written pleadings. The cross-complaint David L. Bryant (in *pro se*) prepared in the *Tsiberman v. Bryant* Action is 25 pages in length and very detailed. This was filed in the Sacramento Superior Court April 26, 2013.[47]

Even more recently, David L. Bryant prepared documents seeking to have this judge recuse himself from hearing this Motion. David L. Bryant filed these pleadings in the *U.S. Trustee v. David L. Bryant* Adversary Proceeding on the afternoon of Friday, September 20, 2013. These consist of a nine-page Affidavit of David L. Bryant and 293 pages of documents for which judicial notice is requested.[48] It appears that these extensive pleadings

---

[47] U.S. Trustee Exhibit 49.

[48] Adv. Pro. No. 12-02573 Dckts. 240, 241). The affidavit and 293 pages of documents were filed on the afternoon of Friday, September 20, 2013, but were not filed in this Motion. These documents were filed only in the adversary proceeding filed by the U.S. Trustee naming David L. Bryant as the defendant. However, the court considered the request for recusal in connection with this Motion, it being brought to the court's attention at the commencement of the 9:30 a.m. Monday, September 23, 2013 Evidentiary Hearing. Applying the objective standards required by 28 U.S.C. § 455, the court concluded that grounds for recusal did not exist for this Motion. *Marshall v. Marshall (In re Marshall)*, 721 F.3d 1032, (9th Cir. 2011); *Nachshin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011). In addition to there being no objective facts provided, the contentions first being raised mere business hours before the Evidentiary Hearing was set to start raises further issues for David L. Bryant as to whether the request for recusal was made in good faith as opposed to a

were quickly prepared for filed on the eve of the Evidentiary Hearing for this Motion.   In this Motion, David L. Bryant has actively filed other extensive pleadings and documents, and conducted extensive discovery.  David L. Bryant has, and has been able, to file detailed documents and extensive pleadings when attempting to advance his interest in  connection with proceeding or seeking to delay the prosecution of this Motion.  Based on the testimony and evidence provided, and his active prosecution of discovery and pleadings filed in this Motion, David L. Bryant's eyesight has not been a limitation on his ability to respond to the Motion or present his case for the Evidentiary Hearing.

The court also does not find credible David L. Bryant's testimony that he hired the attorneys to "supervise his business." The evidence shows that the attorneys were hired to be supervised and directed in their activities by David L. Bryant.  The attorneys hired demonstrated no legal, business, or supervisory experience or knowledge.   Further, "turning over supervision" of David L. Bryant's business to newly minted attorneys is inconsistent with the hands-on, personal involvement of David L. Bryant demonstrated in this Motion and the state court litigation presented by the U.S. Trustee.

Vladimir Semchenko, one of the debtors in this bankruptcy case, provided detailed testimony of his dealings with David L. Bryant and David L. Bryant's business. He met with David L. Bryant and Alena Tsiberman (David L. Bryant employee) at David L. Bryant's Kibbie Lake Way residence/business.   Mr.  Semchenko provided

---

litigation tactic to delay the Evidentiary Hearing.  *In re Kensington Int'l, Ltd*, 368 F.3d 289 (3rd Cir. 2004).

1  David L. Bryant with papers that the Semchenkos had received from
2  their lender stating they had to vacate their home.  David L.
3  Bryant reviewed the papers and told Mr. Semchenko that David L.
4  Bryant could keep the Semchenkos in their house for one and one-
5  half to two years.  The fee that David L. Bryant was to receive for
6  keeping the Semchenkos in their home for up to two years was
7  $9,500.00.[49]

8       To fund the retention of their home, the Semchenkos delivered
9  $3,000.00 cash to David L. Bryant as a down-payment.  In early
10 September 2011, Mr. Semchenko was contacted by Alena Tsiberman and
11 was told that David L. Bryant needed to meet with him.
12 Mr. Semchenko then had a series of meetings and conversations with
13 David L. Bryant and his non-lawyer employees at which they told
14 Mr. Semchenko that Mrs. Semchenko had to file bankruptcy for the
15 Semchenkos to retain possession of their home.  Other than telling
16 Mr. Semchenko that Mrs. Semchenko would have to take a credit
17 counseling course, no information about what the filing of
18 bankruptcy entailed was provided to the Semchenkos.

---

[49]  As many attorneys learn over the years, quite often an
attorney gets the client he or she deserves.  The same appears true in
this relationship between David L. Bryant and the Semchenkos.  Here,
while Mr. Semchenko's testimony as to his dealings with David L.
Bryant are credible, he is not the "innocent consumer lamb" who was
led to the "bankruptcy slaughter."  Mr. and Mrs. Semchenko appear to
have readily signed under penalty of perjury whatever documents
David L. Bryant put in front of them – so long as whatever they signed
let them stay in their home.  On cross-examination David L. Bryant
probed at the incomplete and inaccurate disclosure of business assets
(automobile repair tools) and the value of these assets.  On the one
hand, Mr. and Mrs. Semchenko signed under penalty of perjury the
Schedules which inaccurately described and valued these assets.  On
the other hand, the cross-examination exposed David L. Bryant's
procedures in preparing bankruptcy documents which allowed, and quite
possibly promoted, inaccurate statements under penalty of perjury by a
consumer to advance that consumer's financial game plan.

On September 6, 2011, Mr. Semchenko met Alena Tsiberman (David L. Bryant employee) at the bankruptcy court. September 6, 2011, is the same day that Snezhanna Semchenko filed the bankruptcy petition to commence the First Chapter 13 Bankruptcy Case, No. 11-41623. The First Chapter 13 Bankruptcy Case was dismissed on September 27, 2011, for failure to file the basic bankruptcy documents required to prosecute a Chapter 13 case. These documents included the Chapter 13 Plan, Form 22C, Schedules A-J, and Statement of Financial Affairs.[50] On September 29, 2011 (two days after dismissal of the First Chapter 13 Bankruptcy Case), Mr. Semchenko was contacted by either Alena Tsiberman or Tatyana Chernyetsky, both employees of David L. Bryant, and told that Mrs. Semchenko needed to file another bankruptcy case or the Semchenkos might be kicked out of their home the next day. Later that day, Mr. Semchenko met with another (unidentified) person from David L. Bryant's office at the IKEA Home Depot parking lot and was given the papers for Mrs. Semchenko to sign so the Semchenkos could file a second bankruptcy case. On September 30, 2013, Snezhanna Semchenko filed the bankruptcy petition she received from David L. Bryant's employee and commenced the Second Chapter 13 Bankruptcy Case. On October 18, 2011, the Second Chapter 13 Bankruptcy Case was dismissed for failure to file the basic pleadings necessary to prosecute a Chapter 13 bankruptcy case. As with the First Chapter 13 Case, the missing basic pleadings were the Chapter 13 Plan, Form 22C, Schedules B-J, and the Statement of Financial

---

[50] Notice of Incomplete Filing, Order Dismissing; 11-41623 Dckts. 3, 16.

1 | Affairs.[51]

2 |     Shortly before the October 18, 2011 dismissal, Mr. Semchenko
3 | was called by someone from David L. Bryant's office to schedule a
4 | meeting with David L. Bryant.  At this meeting David L. Bryant
5 | asked for financial information about the Semchenkos' credit card
6 | debt.  He then told Mr. Semchenko that a third bankruptcy case
7 | needed to be filed, this time by both Mr. and Mrs. Semchenko.  The
8 | documents were prepared by David L. Bryant or his employees, and
9 | Tanya (David L. Bryant employee) met Mr. Semchenko at the Panera
10 | Bread parking lot to deliver the bankruptcy documents.

11 |     The petition to commence the Third Chapter 13 Bankruptcy Case
12 | was filed by the Semchenkos on October 19, 2011.  The Third
13 | Chapter 13 Bankruptcy Case was converted, at the election of the
14 | Semchenkos, to a case under Chapter 7 on November 3, 2011.[52]  This
15 | election to convert the case to one under Chapter 7 was done upon
16 | the instruction from Alena Tsiberman or Tanya (David L. Bryant
17 | employees).  David L. Bryant met with Mr. Semchenko to review how
18 | to respond at the First Meeting of Creditors.  When Schedule C was
19 | prepared, the exemptions being claimed and choice of applicable
20 | California law were provided by David L. Bryant and not chosen by
21 | Mr. or Mrs. Semchenko.

22 |     Mr. Semchenko testifies that a total of $5,000.00 was paid by
23 | the Semchenkos to David L. Bryant for the bankruptcy services
24 | provided by David L. Bryant's business.

25 |     The evidence clearly establishes that David L. Bryant operates

26 |
27 |
28 |   [51] Notice of Incomplete Filing, Order; 11-43492 Dckts. 3, 15.

  [52] Notice of Conversion, Dckt. 15.

a business that meets the definition of a bankruptcy petition preparer.[53]   David L. Bryant, personally, with his EZ-Filing computer program, and through his employees, prepared documents for the Semchenkos to file in three different bankruptcy cases.   These documents were not prepared by an attorney, as part of some "legal representation" by an attorney, or by an employee of an attorney. David L. Bryant is not an attorney and is not an employee of an attorney.   Merely because David L. Bryant hired attorneys to do some work for David L. Bryant and for David L. Bryant providing services to his clients, that does render David L. Bryant's bankruptcy petition preparer business and services exempt under the attorney or employee of an attorney exemption found in 11 U.S.C. § 110(a)(1).

The court finds that David L. Bryant, acting through his business as a bankruptcy petition preparer, prepared and was paid for preparing the following documents:

A.   Bankruptcy Case No. 11-41623 (First Bankruptcy Case), Snezhanna Semchenko:

1.   Bankruptcy Petition (Dckt. 1), Exhibit 12.

2.   Debtor's Statement of Compliance Credit Counseling Requirement (Dckt. 1), Exhibit 12.

3.   Verification of Master Address List (Dckt. 4), Exhibit 13.

4.   Statement of Social Security Number (Dckt. 5), Exhibit 14.

5.   Application to Pay Filing Fee in Installments (Dckt. 6), Exhibit 15.

B.   Bankruptcy Case No. 11-43492 (Second Bankruptcy Case), Snezhanna Semchenko:

---

[53] 11 U.S.C. § 110(a)(1), (2).

29

1.  Bankruptcy Petition (Dckt. 1), Exhibit 17.

2.  Debtor's Statement of Compliance Credit Counseling Requirement (Dckt. 1), Exhibit 17.

3.  Summary of Schedules (Dckt. 1), Exhibit 17.

4.  Statistical Summary of Certain Liabilities and Related Data (Dckt. 1), Exhibit 17.

5.  Schedule A (Dckt. 1), Exhibit 17.

6.  Schedule F (Dckt. 1), Exhibit 17.

7.  Declaration Concerning Debtor's Schedules (Dckt. 1), Exhibit 17.

8.  Verification of Master Address List (Dckt. 4), Exhibit 18.

9.  Statement of Social Security Number (Dckt. 5), Exhibit 19.

10. Application to Pay Filing Fee in Installments (Dckt. 6), Exhibit 20.

C.  Bankruptcy Case No. 11-44878 (Third Bankruptcy Case), Vladimir V. Semchenko and Snezhanna Semchenko.

1.  Bankruptcy Petition (Dckt. 1), Exhibit 22.

2.  Debtors' Statements of Compliance Credit Counseling Requirement (two statements, Dckt. 1), Exhibit 22.

3.  Summary of Schedules (Dckt. 1), Exhibit 22.

4.  Statistical Summary of Certain Liabilities and Related Data (Dckt. 1), Exhibit 22.

5.  Schedule A (Dckt. 1), Exhibit 22.

6.  Schedule F (Dckt. 1), Exhibit 22.

7.  Declaration Concerning Debtor's Schedules (Dckt. 1), Exhibit 22.

8.  Verification of Master Address List (Dckt. 4), Exhibit 23.

9.  Statement of Social Security Number (Dckt. 5), Exhibit 24.

10. Application to Pay Filing Fee in Installments (Dckt. 6), Exhibit 25.

11. Motion to Convert Case Under Chapter 13 to Chapter 7 (Dckt. 15), Exhibit 26.

12. Chapter 7 Statement of Current Monthly Income and Means-Test Calculation (Dckt. 17), Exhibit 27.

13. Summary of Schedules (Dckt. 17), Exhibit 27.

14. Statistical Summary of Certain Liabilities and Related Data (Dckt. 17), Exhibit 27.

15. Schedule B (Dckt. 17), Exhibit 27.

16. Schedule C (Dckt. 17), Exhibit 27.

17. Schedule D (Dckt. 17), Exhibit 27.

18. Schedule E (Dckt. 17), Exhibit 27.

19. Schedule G (Dckt. 17), Exhibit 27.

20. Schedule I (Dckt. 17), Exhibit 27.

21. Schedule J (Dckt. 17), Exhibit 27.

22. Declaration Concerning Debtor's Schedules (Dckt 17), Exhibit 27.

23. Statement of Financial Affairs (Dckt. 17), Exhibit 27.

24. Chapter 7 Individual Debtor's Statement of Intention (Dckt. 17), Exhibit 27.

25. Amended Schedule F (Dckt. 18), Exhibit 28.

26. Amended Declaration Concerning Debtor's Schedules (Dckt. 18), Exhibit 28.

27. Amended Schedule B (Dckt. 22), Exhibit 29.

28. Amended Schedule C (Dckt. 22, Exhibit 29.

29. Amended Statement of Financial Affairs (Dckt. 22), Exhibit 29.

30. Amended Declaration Concerning Debtor's Schedules (Dckt. 22), Exhibit 29.

///

///

///

31

## COMPUTATION OF FINES, FORFEITURES, AND DAMAGES

**Failure to Disclose Identify
of Bankruptcy Petition Preparer**

No disclosure is made in any of the three bankruptcy cases or for any of the above documents that David L. Bryant (directly or through his business employees) is providing services as a bankruptcy petition preparer. The U.S. Trustee requests that the court impose fines in the amount of $500.00 for each of the 16 documents prepared by David L. Bryant for the Semchenkos to file with the bankruptcy court. These fines total $8,000.00, imposed pursuant to 11 U.S.C. § 110(b)(1)(1), for failure to comply with 11 U.S.C. § 110(b)(1). The U.S. Trustee's calculation of the number of documents is intentionally conservative (counting single docket entries for multiple documents as one "document" rather than each document filed). The number of actual documents prepared by David L. Bryant for filing by the Semchenkos with the bankruptcy court is significantly greater, comprising at least 45 documents.

The court accepts the U.S. Trustee's lower count and orders $500.00 in fines for each of the 16 "documents" filed, for an aggregate fine of $8,000.00 for the violation of § 110(b)(1).[54] David L. Bryant established and runs a sophisticated business using software and various employees to prepare documents as a bankruptcy petition preparer for clients, including the Semchenkos. Through the multiple documents prepared for the Semchenkos to file in the three bankruptcy cases, David L. Bryant failed on multiple

---

[54] By the court's calculation of at least 45 documents improperly prepared by David L. Bryant, the effective fine is $177.77 per document actually filed.

32

occasions to provide the required disclosures of his services as a bankruptcy petition preparer.  Based on the lack of substantive response, indifference to his obligations as a bankruptcy petition preparer, and David L. Bryant's defense of blaming employees and newly licensed attorneys he hired off of Craig's List, even if there were only 16 documents, the maximum fine of $500.00 for each document is warranted and necessary.

**Fine For Failure to Disclose Fees Paid to**
**The Bankruptcy Petition Preparer**

The U.S. Trustee next requests that the court also impose a fine of $500.00 for each of the three bankruptcy cases in which David L. Bryant received fees to provide services as a bankruptcy petition preparer and his failure to disclose those fees.  David L. Bryant's failures to file Official Form 19B for each of the three Semchenko bankruptcy cases constitute violations of 11 U.S.C. § 110(b)(2)(A).

In light of the sophisticated business operation maintained by David L. Bryant, the imposing of a $500.00 fine for each of the three cases is appropriate.  David L. Bryant is not an unsophisticated, simple person who inadvertently tripped over the law.  David L. Bryant is an experienced litigator, as shown by the extensive discovery conducted and motions filed in this Motion, as well as filing an extensive cross-complaint and other pleadings from the *Tsiberman v. Bryant* action presented as exhibits by the U.S. Trustee.  From the evidence presented, the court concludes that not only did David L. Bryant fail to disclose the fees, but intentionally failed to provide that information and fulfill his obligations as a bankruptcy petition preparer.  Therefore, the

court imposes an additional $1,500.00 in fines ($500.00 fine for each of the three bankruptcy cases) for David L. Bryant's failure to disclose compensation received as a bankruptcy petition preparer.

**Fine for Failure to Disclose Fees Received in the**
**12-Month Period Preceding Commencement of Bankruptcy Cases**

The U.S. Trustee requests that the court impose $1,500.00 in fines, consisting of $500.00 for each of the Debtor's three bankruptcy cases, for David L. Bryant's failure to disclose the fees received from the Debtors in the 12-month period preceding the commencement of each of the bankruptcy cases. 11 U.S.C. § 110(h)(2). This disclosure is different from merely disclosing that David L. Bryant was the bankruptcy petition preparer or the fee he received for the services as a Document Petition Preparer. This requires disclosure of all fees, and provides a check in the system so that creditors, bankruptcy trustee, and U.S. Trustee are aware of all of the dealings between the bankruptcy petition preparer and the Debtors. Then, if appropriate, an inquiry can be made to determine if the other fees were for *bona fide* services, or merely disguised "fees" intended to circumvent the cap on fees that a bankruptcy petition preparer may charge a client. Imposing the full $1,500.00 in fines ($500.00 for each of the three cases) is warranted for the non-disclosure of fees by David L. Bryant.

**Fines for Failure to Disclose Social**
**Security Identification Number**

The U.S. Trustee requests that the court impose $8,000.00 ($500.00 x 16 documents) in additional fines for the failure of David L. Bryant to disclose his Social Security number on the

documents prepared as a bankruptcy petition preparer.  Again, the U.S. Trustee requests this fine only for the 16 docket entries, not all of the documents prepared by David L. Bryant (personally or through his employees and software).  David L. Bryant established and runs a sophisticated bankruptcy petition preparer business, employs newly licensed attorneys and non-attorneys, and actively hides his participation in the preparation of the documents for debtors to file with the bankruptcy court.  In so engaging in business, David L. Bryant has committed wholesale, well organized violations of this provision of 11 U.S.C. § 110(c)(1), (2).

Being presented with such violations, the court would be well warranted in imposing $8,000.00 in fines ($500.00 for each of the 16 documents).  However, the court first considers that it is imposing fines of $500.00 for each of the 16 documents for which David L. Bryant did not disclose that he was the bankruptcy petition preparer and the trebling of the fines.  Clearly, the court should address these violations and David L. Bryant should not be given a "pass" for not disclosing his Social Security number because he completely hid his activities as a bankruptcy petition preparer for the court.  However, doubling up the $500.00 per document sanction does not strike the court as appropriate under these circumstances.  Therefore, the court imposes sanctions of only $200.00 per document for each of the 16 documents.  This results in there being fines of $3,200.00 for the violations of 11 U.S.C. § 110(c)(1) and (2) in the three Semchenko bankruptcy cases.

**Fine for Improperly Providing Legal Advice**

The U.S. Trustee requests that the court impose a $500.00 fine

for David L. Bryant, who is not an attorney, providing legal advice in the form of selecting the exemptions used on Amended Schedule C filed in the Third Chapter 13 Case.  In addition, the testimony indicates that legal advice may have been given in connection with telling Mr. Semchenko that his Chapter 13 case should be converted to one under Chapter 7.  The court declines to rule on this issue, reserving  determination of the issue of whether David L. Bryant has engaged in the unlicensed practice of law for a future day, if at all, in another Motion or adversary proceeding.

The court declines the request to address the issue in this Motion for several reasons.  First, this Motion has been fraught with discovery disputes and the issues inflated beyond the scope of whether David L. Bryant acted as an undisclosed bankruptcy petition preparer.  At the start of this Evidentiary Hearing the court made it clear that the proceedings would relate to the alleged conduct of David L. Bryant as a bankruptcy petition preparer.  This appeared to resolve David L. Bryant's consternation as to the matters before the court and his concern that the U.S. Trustee was advancing a case that David L. Bryant was engaging in the unlicensed practice of law.

Second, the U.S. Trustee is prosecuting an adversary proceeding, *U.S. Trustee v. David L. Bryant*, in which the U.S. Trustee is seeking to enjoin David L. Bryant from providing any services as a bankruptcy petition preparer.  The court may well be addressing the issue of whether David L. Bryant has and is engaging

in the unlicensed practice of law in that adversary proceeding.[55]
The court chooses not to address this issue, it being only a minor
monetary and conduct issue (in light of the other allegations) in
this Motion.

Therefore, the court makes no determination on the issue of
whether David L. Bryant, who is not licensed to practice law,
provided legal advice to the Debtors in this case.  To be clear,

> NO PARTY MAY REPRESENT TO ANY PERSON OR COURT THAT THE
> COURT DETERMINED FOR THIS MOTION THAT DAVID L. BRYANT DID
> OR DID NOT ENGAGE IN THE UNLICENSED PRACTICE OF LAW.

## **Statutory Trebling of the § 110 Fines**

The U.S. Trustee requests that the court treble the fines
imposed by the court, as provided by 11 U.S.C. § 110(l)(2)(D).
This statute provides that the court "shall" (not "may") triple the
fines issued for violation 11 U.S.C. § 110(b), (c), (d), (e), (f),
(g), or (h), if a bankruptcy petition preparer,

> (A) advised the debtor to exclude assets or income that
> should have been included on applicable schedules;
>
> (B) advised the debtor to use a false Social Security
> account number;

---

[55]  In that complaint, the U.S. Trustee alleges,

(1) David L. Bryant having stated that he is not an attorney in
California (but intimating that he is an attorney in another
state),

     (2) David L. Bryant having claimed to be an attorney,

(3) David L. Bryant identified on several websites as "David
Leigh Bryant Esq.,"

(4) David L. Bryant's caller ID for his number ending in -1228
showing as "law office," and

(5) David L. Bryant advertising his business as "My Home Law at
www.myhomelaw.com."

Complaint Paragraphs 10, 12, 13, 15, 15; Adv. Pro. 12-2573 Dckt. 1.

(C) failed to inform the debtor that the debtor was filing for relief under this title; or

(D) prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer.

11 U.S.C. § 110(l)(2)(D)

It is the fourth ground which is applicable to the conduct of David L. Bryant as an undisclosed bankruptcy petition preparer for trebling the fines. It has been demonstrated that David L. Bryant has prepared (either personally, with his computer software, or through his employees) documents for filing with the bankruptcy court which failed to disclose the identity of David L. Bryant as a bankruptcy petition preparer for the Semchenkos. While trebling of the fines is mandatory, even if it was discretionary the court finds that the conduct of David L. Bryant warrants the trebling of the fines. As the testimony showed, David L. Bryant had his employees alter the Petition to "white out" his name from appearing on the Petition. It has been demonstrated that David L. Bryant intentionally and actively hid his participation in the preparation of the documents from the court, trustees, creditors, and U.S. Trustee.

The fines imposed by the court total $14,200.00. These fines are trebled pursuant to 11 U.S.C. § 110(l)(2)(D) to $42,600.00.

**Statutory Forfeiture of Fees**

Congress has further provided that a bankruptcy petition preparer who fails to comply with the provisions of 11 U.S.C. § 110(b), (c), (d), (e), (f), or (g), or (h) may be ordered to forfeit all fees in any cases for which the failures occurred. Here, David L. Bryant has received $5,000.00 in fees, and failed to

comply with the provisions of 11 U.S.C. § 110(b), (c), and (h). The court is permitted, but not required, to order the forfeiture of fees.

The Chapter 7 Trustee in this case has filed his final report, having distributed $18,901.26 on claims of $24,576.00 filed in this case (73% dividend). Whether the Trustee will pursue the forfeited fees is an open question. The costs of such recovering the fees may exhaust the value to the estate. Further, the Trustee would be competing with the Semchenkos and the U.S. Trustee in their respective efforts to enforce this court's order and recover the statutory damages and fines. If the case is closed, then the $5,000.00 fee forfeiture could be abandoned to the Debtors, to add to their $10,000.00 statutory damages award.

It is clear to the court that David L. Bryant established his business as a bankruptcy petition preparer, camouflaged it, and then failed to make the required statutory disclosures to hide his activities from the bankruptcy trustees, U.S. Trustee, creditors, and the court. For the fees received, David L. Bryant filed two skeletal Chapter 13 petitions which were quickly dismissed. The third Chapter 13 case was filed, and then quickly converted to one under Chapter 7.

Notwithstanding the questionable ethics of the Semchenkos in providing information to David L. Bryant and his employees to be used in completing the Schedules and then in making inaccurate statements under penalty of perjury to the Chapter 13 Trustee, creditors, U.S. Trustee, and the court, this court in good conscious cannot allow David L. Bryant to retain the $5,000.00 in fees he received from the Debtors. If the Chapter 7 Trustee

determines that collection of the $5,000.00 from David L. Bryant is not in the best interests of the estate, that is his decision, not the court's.  He may decide to sell the rights to the Debtors or a third-party debt buyer.  He may decide to use a contingent fee collection service (such as a collection agency or collection attorney) to recover some portion of the fees for creditors.

Pursuant to 11 U.S.C. § 110(h)(3)(B)(A)(I); as separate and independent grounds, the court orders that David L. Bryant forfeits the $5,000.00 in fees that he received from the Semchenkos for preparing documents as a bankruptcy petition preparer and that David L. Bryant pay $5,000.00 to Douglas M. Whatley, the Chapter 7 Trustee, forthwith.  The Trustee, or his successor, may enforce the $5,000.00 forfeiture of fees as a monetary award in that amount against David L. Bryant in the same manner as a judgment.

**Computation of Actual or Statutory Damages**

In addition to the fines, Congress provides for debtors to recover their actual damages and statutory damages when a bankruptcy petition preparer fails to comply with the requirements of 11 U.S.C. § 110.  The U.S. Trustee asserts that the Semchenkos have suffered actual damages in the amount of $24,576.00.  This is what the Chapter 7 Trustee obtained from liquidating the non-exempt property of the estate, which includes the inaccurately described and valued tools, a tax refund not disclosed on Schedule B, and inaccurately disclosed vehicles.  The court finds that the non-exempt values of these bankruptcy estate assets do not represent "actual damages" caused by the conduct of David L. Bryant as the bankruptcy petition preparer.

First, in this case the Chapter Trustee recovered only the

40

non-exempt equity to which the estate was entitled. In the latest Amended Schedule C[56] the Semchenkos exhausted their wildcard and tools of the trade exemptions protecting cash, bank accounts, automotive account, Mercedes Benz, tools, automobile life, large tool boxes, compressor, and office equipment. This is not a situation where the Semchenkos, due to the bankruptcy petition preparer's conduct, failed to use exemptions and lost assets they should have otherwise retained.

Second, on Amended Schedule F filed by the Semchenkos, they state under penalty of perjury that their general unsecured claims total $243,812.00. However, this appears to understate the claims, as ten (10) are listed at a value of $1.00. Without commencing the bankruptcy case, the Semchenkos (who had already lost their house to foreclosure) were facing creditors with more than a quarter of a million dollars in claims coming after the Semchenkos' assets. The bankruptcy appears to have benefitted the Semchenkos (though not due to the proper conduct of David L. Bryant), allowing them to protect their exempt assets, preserve their business, and minimize the "loss" of non-exempt assets to only those which do not impair the Semchenkos' ability to operate their business in the future.

Third, the Semchenkos have been willing to sign whatever papers are put in front of them under penalty of perjury, so long as it served their goal to stay in possession of the house, irrespective of the truth or accuracy of the statement or act. To the extent that the Semchenkos assert they "lost" non-exempt equity in assets which were property of the bankruptcy estate, the

---

[56] Dckt. 43.

41

Semchenkos chose to "pay" those assets in exchange for retaining possession of the house without paying rent or mortgage payments.

On May 24, 2012, Bank of America, N.A. ("Bank") filed a motion for relief from the automatic stay in this case.[57]  The Bank sought relief from the automatic stay so that it could proceed with an unlawful detainer proceeding in state court to obtain possession of the house in which the Debtors lived.  The address for the real property in the motion is the same as listed on the petition as the Debtors' street address.  The motion alleges that the non-judicial foreclosure sale occurred on May 11, 2011.  The court's order granting relief from the stay was filed on July 2, 2013.[58]

For purposes of this Motion, the court assumes a monthly rent of $1,500.00 for the house.[59]  Beginning with the September 6, 2011 filing of the First Chapter 13 Case, the Semchenkos have lived in a house rent and mortgage free.  For better or worse, the bankruptcy petition preparer services obtained from David L. Bryant provided the Semchenkos with at least 24 months of free rent.  The value of this free rent is computed to be $36,000.00 ($1,500.00 a month x 24 months).  The Semchenkos' three bankruptcy filings, using the many documents prepared by David L. Bryant and his employees, resulted in the Semchenkos receiving a substantial economic benefit, well in excess of any alleged "damages," and profited from these multiple bankruptcy filings.

---

[57] Dckt. 98.

[58] Dckt. 116.

[59]  The court uses the $1,500.00 estimate for demonstrative purposes only and does not make a determination as to the fair rental value of the property.  The $1,500.00 is not an unreasonable monthly rental payment for a home in the Sacramento, California, area.

42

The U.S. Trustee has not provided the court with sufficient evidence to establish that the Semchenkos suffered actual damages which may be awarded pursuant to 11 U.S.C. § 110(i)(1)(A).

Even if there are not actual damages, the court shall (not "may") award statutory damages which are computed to be the greater of either (1) $2,000.00 or (2) twice the amount paid by the Debtors to David L. Bryant for his services.   11 U.S.C. § 110(i)(1)(B). The evidence presented to the court is that $5,000.00 was paid by or for the Semchenkos to David L. Bryant for his services as the bankruptcy petition preparer.   Though David L. Bryant has argued that there were other "legal things" going on, he has not provided the court with sufficient evidence for any amount of the fees to be allocated to the other "legal things."   The evidence is that the only work being done was preparing the various documents for filing with the bankruptcy court to delay the Semchenkos having to vacate their house.   The court awards Vladimir V. Semchenko and Snezhanna Semchenko, jointly, $10,000.00 in statutory damages pursuant to 11 U.S.C. § 110(i)(1)(B)(ii).

**No Other Relief Requested by the U.S. Trustee**

In his Motion, the U.S. Trustee only requested relief in the form of fines, forfeiture of fees, and damages for the Semchenkos. The U.S. Trustee did not request any other monetary relief to the extent permissible under 11 U.S.C. § 110.   No other relief is granted by the court.

**CONCLUSION**

The court finding that David L. Bryant is a bankruptcy petition preparer; that he provided services as a bankruptcy petition preparer to Snezhanna Semchenko in bankruptcy cases E.D.

43

Cal. 11-41623 and 11-43492, and to Vladimir V. Semchenko and
Snezhanna Semchenko in bankruptcy case E.D. Cal. 11-44878; and that
David L. Bryant failed to comply with the provisions of 11 U.S.C.
§ 110(b), (c) and (h) for services provided as a bankruptcy
petition preparer;

    A.    The court imposes $42,600.00 in fines which shall be paid
by David L. Bryant to the United States Trustee for
Region 17;

    B.    The court awards statutory damages in the amount of
$10,000.00 to Vladimir V. Semchenko and Snezhanna
Semchenko, jointly, and against David L. Bryant;

    C.    The court orders the fees in the amount of $5,000.00 paid
to David L. Bryant are forfeited, and that David L.
Bryant pay the sum of $5,000.00 to Douglas M. Whatley.

This Memorandum Opinion and Decision constitutes the court's
findings of fact and conclusions of law pursuant to Federal Rule of
Civil Procedure 52 and Federal Rules of Bankruptcy Procedure 7052,
9014. The court shall issue a separate order consistent with this
Decision.

Dated: October 22, 2013

RONALD H. SARGIS, Judge
United States Bankruptcy Court

APPENDIX A TO MEMORANDUM OPINION AND DECISION
11-44878, Contested Matter UST-1

Excerpt of November 13, 2012 Civil Minutes
U.S. Trustee Motion for Protective Order
In re Semchenko, Case No. 11-44878 Dckt. 225


[Commencing at the bottom of page 6 of the Civil Minutes]

The U.S. Trustee has provided as exhibits the various discovery requests.  These include the following by way of example.

A.    Depositions taken by David L. Bryant of,

1.    May 1, 2012 Deposition of Tatyana Chernyetsky.

2.    May 1, 2012 Deposition of Alena Tsiberman.

3.    July 25, 2012 Deposition of Alena Tsiberman.

4.    May 15, 2012 Deposition of Douglas Whatley.

5.    May 30, 2012 Deposition of Stacie Lynn Power.

6.    July 26, 2012 Deposition of Stacie Power.

7.    August 8, 2012 Deposition of Daniel Jacob Hanecak.


B.    May 18, 2012 Subpoena to U.S. Trustee to produce documents provided by the U.S. Trustee to,

1.    Stacie Power.

2.    Tatyana Chernyetsky.

3.    Kyle Smith.

4.    Vladimir V. Semchenko.

5.    Julia Young.

6.    Kaleena Guillen.

7.    Vanessa Guittierez.

8.    Gina Marquis.

45

C.  July 18, 2012 Subpoena on Liliya Walsh to produce documents identified as,

    1.  All Correspondence, Communications, and Documents from January 1, 2011 to date of deposition by and between the following persons,

        a.  Andrey Kishchenko.

        b.  Stacie Powers.

        c.  U.S. Trustee.

        d.  U.S. Trustee for the Eastern District of California.

        e.  U.S. Trustee for the Northern District of California.

        f.  Any employee of either of the above U.S. Trustee Offices.

    2.  All Documents from January 1, 2011 to date of deposition by and between the parties identified below,

D.  August 13, 2012 Change of Deposition Notice of Gina Marquis.

E.  July 3, 2012, Subpoenas to Verizon Cellco Partnerships, for copies of text messages and emails for the period January 1, 2011 through July 20, 2012, between:

    1.  Kaleena Guillen and 7 persons.

    2.  Gina Marquis and 7 persons.

    3.  Alena Tsiberman and 7 persons.

    4.  Vanessa Guittierez and 7 persons.

F.  From AT&T, Copies of text messages and emails for the period January 1, 2011 through July 20, 2012, between:

    1.  Stacy Powers and 7 persons.

    2.  Kyle Smith and 7 persons.

    3.  Julia Young and 7 persons.

    4.  Tatyana Chernyetsky and 7 persons.

G.    September 7, 2012, 49 Interrogatories and Document
      Production Request From the U.S. Trustee documents,

1.    Supporting alleged Facts, specifically identified
      as Fact #1 through Fact #28.  (Which appear to be
      a reference to the allegations set forth in
      paragraphs 1-28 of *Section II. Facts* set forth in
      the U.S. Trustee's Motion, pg. 2:10-28, 3:1-28,
      4:1-28, 5:1-28, 6:1-28, 7:1-28, 8:1-6.)

2.    Documents received from Alena Tsiberman,

3.    Documents provided to Alena Tsiberman.

4.    Documents received from Tatyana Chernyetsky,

5.    Documents provided to Tatyana Chernyetsky,

6.    Documents received from Selma Kelly,

7.    Documents provided to Selma Kelly,

8.    Documents received from Vladimir V. Semchenko,

9.    Documents provided to Vladimir V. Semchenko,

10.   Documents received from Snezhanna Semchenko,

11.   Documents provided to Snezhanna Semchenko,

12.   Documents received from Stacie Powers,

13.   Documents provided to Stacie Powers,

14.   Documents received from Julia Young,

15.   Documents provided to Julia Young,

16.   Documents received from Kyle Smith,

17.   Documents provided to Kyle Smith,

18.   Documents received from the State Bar of
      California,

19.   Documents provided to the State Bar of California,

20.   Documents received from Sacramento County District
      Attorney,

21.   Documents provided to the Sacramento County
      District Attorney,

22.   Documents received from Sacramento County
      Sheriff's Department,

47

  23. Documents provided to the Sacramento County Sheriff's Department.

H. September 21, 2012, 272 interrogatories served on the U.S. Trustee which request items or information such as the persons or documents which support the specific contentions in the Motion are to be specifically identified, and how the Debtors have been damaged.

I. September 7, 2012, 50 Interrogatories and Requests for production of documents from Snezhanna Semchenko which,

  1. Support each of the 28 Facts alleged in the Motion by the U.S. Trustee,

  2. Documents received from Alena Tsiberman,

  3. Documents provided to Alena Tsiberman.

  4. Documents received from Tatyana Chernyetsky,

  5. Documents provided to Tatyana Chernyetsky,

  6. Documents received from Selma Kelly,

  7. Documents provided to Selma Kelly,

  8. Documents received from Vladimir V. Semchenko,

  9. Documents provided to Vladimir V. Semchenko,

  10. Documents received from Snezhanna Semchenko,

  11. Documents provided to Snezhanna Semchenko,

  12. Documents received from Stacie Powers,

  13. Documents provided to Stacie Powers,

  14. Documents received from Julia Young,

  15. Documents provided to Julia Young,

  16. Documents received from Kyle Smith,

  17. Documents provided to Kyle Smith,

  18. Documents received from the State Bar of California,

  19. Documents provided to the State Bar of California,

  20. Documents received from Sacramento County District Attorney,

21.  Documents provided to the Sacramento County
     District Attorney,

22.  Documents received from Sacramento County
     Sheriff's Department,

23.  Documents provided to the Sacramento County
     Sheriff's Department.

24.

J.  October 1, 2012, 40 Contention Interrogatories to the
    U.S. Trustee seeking responses to:

1.  Whether the U.S. Trustee believes Mr. Bryant has,

    a.  Committed a crime under any laws of the
        United States of America.  Interrogatory #1.

    b.  Committed an act in violation of a federal
        statute.  Interrogatory #9.

    c.  Committed an act in violation of any federal
        code.  Interrogatory #17.

    d.  Committed an act in violation of any federal
        regulation.  Interrogatory #25.

    e.  Committed an act in violation of any Local
        Bankruptcy Rule of the Eastern District of
        California.  Interrogatory #33.

    f.  All of the intervening interrogatories
        request (1) the facts supporting the
        contention, (2) identify of documents
        supporting the contention, and (3) identify
        of persons who have knowledge of the
        contention.

2.  Whether the U.S. Trustee believes Mr. Bryant has,

    a.  Committed a crime under any laws of the State
        of California.  Interrogatory #5.

    b.  Committed an act in violation of a State
        statute.  Interrogatory #13.

    c.  Committed an act in violation of any State
        code.  Interrogatory #21.

    d.  Committed an act in violation of any State
        regulation.  Interrogatory #29.

    e.  Committed an act in violation of any Local
        State Court Rules.  Interrogatory #37.

1

2          f.    All of the intervening interrogatories
                 request (1) the facts supporting the
3                contention, (2) identify of documents
                 supporting the contention, and (3) identify
4                of persons who have knowledge of the
                 contention.

5    K.    October 1, 2012, 269 Factual and Contention
           Interrogatories to Vladimir V. Semchenko requesting
6          information concerning persons and documents relating
           to each of the 28 Facts alleged in the U.S. Trustee's
7          Motion.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked _____, via the U.S. mail.

  Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and __XX____ Other Persons Specified Below:

Allen C. Massey
Office of the U.S. Trustee
Robert T. Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

David L. Bryant
12413 Kibbie Lake Way
Rancho Cordova, CA 95472-7717